79 F.3d 1148
 151 L.R.R.M. (BNA) 2928
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
Charles S. ZANETIS, doing business as Quality Hotel, Respondent.
 No. 94-6425.
 United States Court of Appeals, Sixth Circuit.
 March 12, 1996.
 
 1
 Before: MARTIN and BATCHELDER, Circuit Judges, and OLIVER, District Judge.*
 
 ORDER
 
 2
 The National Labor Relations Board (NLRB) petitions for enforcement of an order finding the respondent, Charles S. Zanetis, doing business as Quality Hotel, in violation of the National Labor Relations Act, 29 U.S.C. § 151 et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Zanetis was charged with discharging ten employees in violation of 29 U.S.C. § 158(a)(1), in retaliation for their protected activities. A hearing was held before an Administrative Law Judge (ALJ) who found that Zanetis had engaged in an unfair labor practice and ordered reinstatement with back pay and other injunctive relief. Zanetis filed exceptions to the ALJ's decision. A three-member panel of the NLRB affirmed the ALJ's decision. Although the NLRB has petitioned for enforcement of the order, it has not filed a brief in support of its petition. Zanetis, proceeding pro se, has filed a brief in which he argues that the employees voluntarily quit and were not discharged, and that the ALJ was biased against him.
 
 
 4
 Upon review, we conclude that the NLRB's decision is supported by substantial evidence and the order should be enforced. See NLRB v. E.I. DuPont De Nemours, 750 F.2d 524, 527 (6th Cir.1984) (per curiam).
 
 
 5
 Zanetis takes exception to the ALJ's finding that the employees were discharged and his discounting of the testimony presented by Zanetis that they voluntarily quit. This court will ordinarily not disturb credibility findings by an ALJ who observed the witnesses' demeanor. See NLRB v. Aquatech, Inc., 926 F.2d 538, 544 (6th Cir.1991). In this case, the testimony of the employees that they were discharged was supported by the record, and the actions of the parties were inconsistent with the employer's testimony that they had voluntarily quit. See NLRB v. Shelby Memorial Hosp. Ass'n, 1 F.3d 550, 569-70 (7th Cir.1993). The record showed that the housekeeping employees reported to work on the morning in question and requested a meeting with Zanetis to discuss working conditions, including the layoff of the houseman, who had performed most of the heavier work, the lack of sufficient supplies, the locked fire exits on the upper floors of the hotel, and the practice of docking their pay for lunch breaks that were not taken. The employees waited nearly two hours for Zanetis to arrive. Reporting to work and waiting for this period is inconsistent with an intent to quit. Moreover, the employer's intent to discharge the employees was evidenced by his calling ahead for replacement workers and the fact that he brought along help to escort the employees from the hotel. Thus, no basis exists for overturning this credibility determination by the ALJ.
 
 
 6
 Zanetis also argues that the ALJ was biased against him. However, no evidence of an extrajudicial source of bias or a deep-seated antagonism to the respondent appears in the record. See Liteky v. United States, 114 S.Ct. 1147, 1158 (1994).
 
 
 7
 Because the NLRB's order is supported by substantial evidence, the petition for enforcement is granted. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Solomon Oliver, United States District Judge for the Northern District of Ohio, sitting by designation